### SPRECKELS SUGAR REFINING CO. v. McCLAIN, Internal Revenue Collector.

(Circuit Court of Appeals, Third Circuit. January 13, 1902.)

#### No. 17.

1. INTERNAL REVENUE—WAR REVENUE ACT OF 1898—CONSTITUTIONALITY.

Section 27 of the war revenue act of 1898, imposing a tax upon the gross receipts of refiners of oil and sugar, *held* constitutional.

2. SAME—TAX ON SUGAR REFINERS—GROSS RECEIPTS OF BUSINESS.

Under section 27 of the war revenue act of 1898, which imposes an excise tax "on the gross amount of all receipts" of sugar refiners "in

their business" in excess of $250,000 annually, rentals from wharves owned by a corporation organized for and engaged in the business of sugar refining, and used as a necessary adjunct to said business, are receipts in the business, to be included in computing its gross income for the purpose of such tax.

3. SAME—INTEREST ON DEPOSITS.

Interest received by such company on corporate funds deposited or invested for the time being, while not in use, is also a part of its receipts in the business, and subject to the tax.

4. SAME—MODE OF COLLECTION—MONTHLY ASSESSMENTS.

War Revenue Act 1898, § 27, which provides that every person, company, etc., doing the business of refining petroleum or sugar, or owning a pipe line, whose gross annual receipts exceed $250,000, "shall be subject to pay annually a special excise tax" on the amount of their gross receipts in excess of said sum, and which further provides that a true and accurate return of the amount of gross receipts as aforesaid shall be made and rendered monthly by such persons or companies, requires the payment of such tax annually, and on annual receipts: and a regulation of the commissioner requiring the assessment and collection of the tax monthly, on the monthly returns, is unauthorized.

Gray, Circuit Judge, dissenting in part.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

John G. Johnson, for plaintiff in error.

J. W. Thompson and James B. Holland, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The plaintiff below (and here) is a corporation erected under the law of Pennsylvania for the purpose "of refining sugar, which will involve the buying of the raw material therefor and selling the manufactured products, and of doing whatever else should be incidental to the said business of refining." The defendant is the collector of internal revenue for the First district of Pennsylvania. The action was brought to recover certain sums of money which he had exacted under section 27 of the war revenue act of 1898, and which the plaintiff had paid under protest. That section is as follows:

"That every person, firm, corporation, or company carrying on or doing the business of refining petroleum, or refining sugar, or owning or controlling any pipe line for transporting oil or other products, whose gross annual receipts exceed $250,000, shall be subject to pay annually a special excise tax equivalent to one quarter of one per centum on the gross amount of all receipts of such persons, firms, corporations, and companies in their respective business in excess of said sum of $250,000. And a true and accurate return of the amount of gross receipts as aforesaid shall be made and rendered monthly by each of such associations, corporations, companies, or persons to the collector of the district in which any such association, corporation or company may be located, or in which such person has his place of business."

The parties agreed upon a special verdict, the material portions of which are set out in the opinion of the court below (109 Fed. 76), and need not be here repeated.

1. The first and most important question raised by the assignment of errors is whether the above section is unconstitutional. This question, however, the learned judge of the circuit court declined

to discuss, because "the present suit is a test case, destined for the supreme court of the United States"; and for the same reason we also refrain from discussing it, and deem it expedient to merely state our affirmance of the constitutionality of the section, upon the ground that the presumption in favor of its validity has not been clearly confuted.

2. The use which the plaintiff really made of its wharves was in "carrying on or doing the business of * * * refining sugar." They were part of the plant of that business, and, as it was actually conducted, they were an essential condition of it. Consequently their receipts were its receipts, and as such they were properly comprised in the assessment. Adams Exp. Co. v. Ohio State Auditor, 165 U. S. 194, 17 Sup. Ct. 305, 41 L. Ed. 683.

3. The interest received by the plaintiff upon its corporate funds, either deposited in bank or invested in income-producing securities, was also rightly included. The special verdict states that it was "interest upon its investments of moneys and property as explained by the testimony of Mr. Ball"; and it appears from that testimony that the only business of the plaintiff was sugar refining, and that this interest was received by it upon investments or deposits of such part of the capital of that business as at the time being was not in active use therein. Mr. Ball, it is true, also testified that it did not have anything to do with sugar refining; but the question for our decision is not whether this interest was derived from the refining of sugar, which, of course, it was not, but whether or not it was received in the business of sugar refining, and upon this very different question the facts found are conclusive. The funds of the corporation, however any portion of them may have been temporarily applied or held, were all embarked in the sugar refining business, and to it, therefore, all receipts which those funds produced necessarily belonged. Any diminution of them would certainly have been its loss, and it seems to be equally clear that their augmentation, however occasioned, must have been its gain. Except in connection with and as incidental to that business, the plaintiff was neither an investor nor a depositor, and therefore, by becoming either the one or the other, it did not engage in an additional and separate business.

4. The learned judge, in deciding that the collector had been justified in demanding monthly payments, said:

"The tax is, no doubt, an annual tax, in the sense that it is paid each year; and, if provision for its assessment and collection had been made by the act, such provision would have been obligatory, both upon the government and upon the refiner."

But he was of opinion that the act contained no such provision, and that therefore the regulation of the commissioner of internal revenue directing its monthly assessment and collection was authorized by section 3447 of the Revised Statutes. We are unable to concur in the construction which was thus given to section 27 of the act of June 13, 1898. It is, of course, a possible one, but its correctness is at least so questionable as to render it inadmissible to impose a duty upon a citizen. Hartranft v. Wiegmann, 121 U. S.

609, 7 Sup. Ct. 1240, 30 L. Ed. 1012; U. S. v. Isham, 17 Wall. 496, 21 L. Ed. 728. But aside from this consideration, the meaning attributed by the court below to the phrase "shall be subject to pay annually" is not, we think, its natural meaning. The requirement, as directly and plainly expressed, is for payment annually, and upon annual receipts; and, this being so, there is, in our opinion, no warrant for inferring from the quite distinct provision for monthly returns that it was intended that monthly payments might also be demanded, and upon monthly receipts. The tax, moreover, is only on gross annual receipts in excess of $250,000; and it cannot be supposed to have been contemplated that any person or company whose first return, as in the present instance, exhibited gross receipts exceeding that amount, would be subject to a different rule respecting the time of payment from that which would apply to others, whose gross annual receipts might be shown to be greater than $250,000 only by a later return. We have already pointed out that it is not necessary to put an interpretation upon this section which might involve such inequality in its administration, and, except by necessity, no such interpretation could be justified.

Solely upon the ground that the circuit court erred in holding that the plaintiff was required to pay the tax in question otherwise than annually, its judgment is reversed, and the cause is remanded to that court for further proceedings to be there taken in conformity with this opinion.

GRAY, Circuit Judge. Agreeing with the opinion of the court as written in paragraphs 1, 2, and 4, I am compelled to dissent from that expressed in paragraph 3, to the effect that the interest received by the plaintiff in error upon its deposits in bank, and as dividends from investments in shares and other securities, should be included in the amount of gross receipts in its business of sugar refining, returned for assessment and taxation. Keeping in mind the well-settled rule that the citizen is exempt from taxation unless the same is imposed by clear and unequivocal language, and that, where the construction of a tax law is doubtful, the doubt is to be resolved in favor of those upon whom the tax is sought to be laid, I cannot assent to the affirmance of the judgment of the court below in this respect. I do not think that the income derived from such investment of funds is in any proper sense receipts in the business of sugar refining. The very term "gross receipts" in "the business" would seem to exclude all such receipts as the interest upon investments here referred to.