AMERICAN SUGAR REFINING CO. v. RUTAN (two cases).

SAME v. HEROLD.

(Circuit Court, D. New Jersey. May 4, 1903.)

1. INTERNAL REVENUE—WAR REVENUE TAX ON SUGAR REFINERS—ITEMS INCLUDED IN GROSS RECEIPTS.

In computing the gross amount of all receipts "in its business" of a corporation whose sole business is the refining of sugar, for the purpose of the special tax imposed by the war revenue act of 1898 (Act June 14, 1898, c. 448, 30 Stat. 456 [U. S. Comp. St. 1901, p. 2297]), dividends received during the tax year on stock owned by it in another corporation

should be included, being the equivalent of interest on its corporate funds, and it is immaterial that it was the sole stockholder of the other corporation, or that the dividends were earned by the latter in previous years.

Suits to Recover Internal Revenue Taxes Paid.

Robert H. McCarter and Henry B. Closson, for plaintiffs.
David O. Watkins, U. S. Dist. Atty., for defendant.

KIRKPATRICK, District Judge. These suits, involving the same questions of law, the facts being admitted, have been, by consent of counsel, consolidated.

The actions are in assumpsit, and the plea in each case is the general issue. The actions are brought to recover from the defendants, who are or were collectors of internal revenues, money alleged to have been demanded by and paid to them under the provision of the twenty-seventh section of the war revenue act, which took effect June 13, 1898 (Act June 13, 1898, c. 448, 30 Stat. 456 [U. S. Comp. St. 1901, p. 2297]). The tax was levied upon the total gross receipts of the plaintiff company, including in such receipts the amounts received by it from stevedoring, from rental of wharves, from interest on stocks and bonds held by the plaintiff, as well as from the sale of the product of their business; and the tax was required to be paid monthly.

The plaintiff insists (1) that no part of this tax was lawfully assessed, because the act of Congress above referred to is unconstitutional and void; and (2) that, if the act be constitutional, then by its terms it does not impose a tax upon receipts from stevedoring, nor upon the rentals paid them for the use of wharves, nor upon interest received by them from bonds, nor upon dividends upon stocks of other corporations held by them; and that these items have been included in their returns, and a tax thereon having been unlawfully exacted and improperly paid by them, under protest, they are entitled to recover the same, with interest from the date of payment to the date of the bringing of these suits. All of these issues (except that respecting dividends) were presented to the United States Circuit Court for the Eastern District of Pennsylvania, in the case of the Spreckels Sugar Refining Company v. McClain, Collector, etc. (C. C.) 109 Fed. 76, and it was there held that the act was constitutional; that the rental received from wharves owned by the corporation and used chiefly for purposes of their business, and the interest received on corporate funds, should be included as income from the business, and be liable to tax; that the receipts from stevedoring and the income received after the passage of the act, but was the product of business done previously, were not properly included in receipts to be taxed; and that the tax was payable monthly. Upon a review of this case in the Circuit Court of Appeals of the Circuit (113 Fed. 244, 51 C. C. A. 201), the judgment of the Circuit Court was reversed, "solely on the ground that the Circuit Court erred in holding that the plaintiff was required to pay the tax in question otherwise than annually." It follows, therefore, that the findings of the Circuit Court were in all other respects affirmed.

The only issue presented here which was not directly before the Circuit Court of Appeals in the Spreckels' Case is the one relating to the dividends received by the plaintiff upon stock of the Franklin Sugar Refining Company owned by it. It appears that part of the capital stock of the plaintiff company was invested in the stock of the Franklin Sugar Refining Company, and that the plaintiff was in fact its only stockholder. The interest received from this stock, which was an interest-producing security, under the decisions above referred to was liable to the tax, because it was interest received on a part of the corporate funds of the plaintiff. But it is insisted that, because the plaintiff was the only stockholder in the Franklin Company, the profits of that company became vested in the plaintiff so soon as earned; and that, because the money represented by the dividends had been earned in previous years, therefore it was no part of the plaintiff's income when actually paid over to it. This argument, though specious, is fallacious. The corporations were separate and distinct entities, and the property of the Franklin Company did not and could not become the property of the plaintiff company, except by some proper formal action of the directors of the Franklin Company. The assets of the Franklin Company were its own, and the stockholders, whether they numbered 1 or 1,000, had no right to or control over them, except through the action of the board of directors. If the Franklin Company had a surplus, it might, by vote of the board of directors, be distributed among the stockholders; but, until such distribution was ordered, the surplus, as well as the capital, was the property of the Franklin corporation, and liable for its debts. Being the only stockholder gave the plaintiff company no right to appropriate and use the assets of the Franklin Company. They obtained no right to do so until the board of directors had ordered its payment to them, as stockholders, in the way of a dividend. This dividend comes within the ruling of the Circuit Court of Appeals, and must be computed as part of the plaintiff's income for the year in which, upon its declaration, it was paid over and received.

It follows from what has been said that the plaintiff must recover: (1) The tax paid on the receipts from stevedoring, with interest from the dates of payment; (2) for the amount of taxes paid upon receipts received by it from indebtedness prior to June 14, 1898, with interest from the several dates when the respective payments were made; and also (3) for interest upon each payment of a tax made by it during each special tax year, from the date when the tax was so paid to the 31st day of July following the expiration of the special tax year.